J-S26037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANCOURT WOODELL | : | |
| | : | |
| Appellant | : | No. 1009 MDA 2020 |

Appeal from the PCRA Order Entered June 22, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002635-2001

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: NOVEMBER 5, 2021**

Rancourt Woodell ("Woodell") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9545. We affirm.

On July 10, 2001, Woodell, his cousin, Carmine Costanzo ("Costanzo"), and several friends celebrated Woodell's twenty-first birthday at the apartment that Woodell shared with Costanzo. Woodell and Costanzo argued throughout the evening. At some time after 2:00 a.m., Woodell was seen entering Costanzo's bedroom with a handgun. Thereafter, several witnesses heard a "pop," and saw Woodell re-emerge from Costanzo's bedroom. Several hours later, 911 was called, and upon arrival, police discovered the body of Costanzo, who had been shot. Woodell, who was observed covered in blood, claimed that he had witnessed Costanzo commit suicide. However, after an

autopsy indicated that Costanzo had been shot in the back, Woodell was charged with criminal homicide.

On June 4, 2002, following a jury trial, Woodell was convicted of first-degree murder,[1] and was sentenced to life in prison. This Court affirmed Woodell's judgment of sentence, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Woodell*, 858 A.2d 1285 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 876 A.2d 395 (Pa. 2005). The United States Supreme Court denied Woodell's Petition for writ of *certiorari* on May 1, 2006. *See Woodell v. Link*, 547 U.S. 1115 (2006).

Woodell filed his first PCRA Petition in November 2006, which was denied in May 2010. This Court subsequently affirmed the denial of Woodell's first PCRA Petition, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Woodell*, 32 A.3d 838 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 48 A.3d 1249 (Pa. 2012).[2]

Woodell, *pro se*, filed the instant PCRA Petition, his second, on August 15, 2019. On January 14, 2020, the PCRA court filed a Pa.R.Crim.P. 907

---

[1] 18 Pa.C.S.A. § 2501(a).

[2] Woodell's PCRA Petition indicates that he also sought relief from the United States District Court for the Middle District of Pennsylvania, via a *habeas corpus* Petition, which was dismissed in June 2017. The United States Court of Appeals for the Third Circuit denied Woodell's Application for a certificate of appealability, and the United States Supreme Court denied his Petition for writ of *certiorari* in May 2018. In April 2019, Woodell filed a Motion to vacate under Federal Rule of Civil Procedure 60(b)(2), which was denied on July 22, 2019.

Notice of its intention to dismiss Woodell's Petition as untimely filed.[3]  On June 22, 2020, the PCRA court entered an Order dismissing Woodell's PCRA Petition.

Woodell filed a timely Notice of Appeal.[4]  However, Woodell did not file a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.  Accordingly, the PCRA court filed an Opinion pursuant to Pa.R.A.P. 1925(a) recommending that Woodell's issues be deemed waived and his appeal dismissed.  On November 20, 2020, this Court issued an Order concluding that the docket failed to indicate whether Woodell had been properly served with the PCRA court's Order directing him to file a concise statement, and permitting Woodell to file a concise statement *nunc pro tunc*. **See** Order, 11/20/20, at 1.  Woodell timely complied, and the PCRA court filed a supplemental Opinion.

Woodell raises the following issues for our review:

---

[3] The certified record does not contain a response filed by Woodell to the PCRA court's Rule 907 Notice.  However, according to the PCRA court, Woodell sent a reply to the Notice directly to the PCRA court, but did not file such with the clerk of courts.

[4] Woodell's Notice of Appeal was filed on July 27, 2020.  Accompanying Woodell's Notice of Appeal was an approved cash slip from the Pennsylvania Department of Corrections, indicating that Woodell had mailed the Notice of Appeal on July 10, 2020, within the 30-day appeal period.  **See** **Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (discussing the "prisoner mailbox" rule).  Accordingly, Woodell's Notice of Appeal is deemed timely filed.

1. Whether [the PCRA court] erred [in] denying a hearing on [Woodell's] new[ly] [d]iscover[ed] epilepsy and brain surgery[, and whether Woodell's] mental capacity establish[ed] culpability?

2. Does expert testimony of [Woodell's] diagnosed [] Right Temporal Lobe Complex Seizures mitigate [Woodell's] culpability on [his] mental capacity [regarding his] conviction for premeditat[ed] first[-]degree murder?

3. [Whether there was a] Due Process Clause violation, [and whether Woodell was] denied a fair trial, [where] [Woodell's trial counsel] knew [Woodell]'s mental capacity with uncontrol[led] seizures, use of anti[-]convulsion and psychiatric medications, place[ment] in mental health precautions [and] a threat to himself and others [*sic*] a question by expert testimony?

4. [Given the u]se of **Miranda**[,[5] and the] traditional Reed [*sic*] technique[6] a function of [d]etectives investigating a crime[, was the g]eneral on scene questioning as to fact finding [unlawful,] as [Woodell] suffer[ed] physical and mental health complications?

5. [Whether, under] Pennsylvania Supreme Court Constitution Article V[] 10 (c)[,] ad[]dopted April 23, 1968[,] … known as the Pennsylvania Rules of Evidence; [was there] favorable evidence [that the] Commonwealth Attorney [should have] order[ed] a CT Scan[]?

6. [Should evidence of Woodell's] continue[d] Neurology treatment[,] a[n] unusual circumstance after brain surgery, [and

---

[5] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[6] The "Reid Technique" of interrogation "calls for police to be patient and understanding, break down the suspect's resistance to confessing by expressing confidence in the defendant's guilt, and providing the suspect with explanations for the crime that place the blame on others or rationalize the criminal behavior." Psychological coercion, Law of Confessions § 2:9 (2d ed.) (footnotes omitted); **see also** Matthew Clarke, Controversial Police Interrogation Technique That Often Results in False Confessions Abandoned by Influential Training Consultant, Criminal Legal News, May 2018, at 24, https://www.criminallegalnews.org/news/2018/apr/19/controversial-police-interrogation-technique-often-results-false-confessions-abandoned-influential-training-consultant/ (last visited Oct. 22, 2021).

his] chance[s] of being siezure [*sic*] free [being] very low be
grant[ed through] expert testimony?

Brief for Appellant at 5 (footnotes added).

>   We review an order [dismissing] a petition under the PCRA
>   in the light most favorable to the prevailing party at the PCRA
>   level.  This review is limited to the findings of the PCRA court and
>   the evidence of record.  We will not disturb a PCRA court's ruling
>   if it is supported by evidence of record and is free of legal error.
>   This Court may affirm a PCRA court's decision on any grounds if
>   the record supports it.  We grant great deference to the factual
>   findings of the PCRA court and will not disturb those findings
>   unless they have no support in the record.  However, we afford no
>   such deference to its legal conclusions.   Further, where the
>   petitioner raises questions of law, our standard of review is *de
>   novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

Before reaching the merits of the arguments raised in Woodell's brief,

however, we must first determine whether the PCRA court correctly concluded

that his PCRA Petition was untimely filed.   Under the PCRA, any PCRA petition

"*including a second or subsequent petition*, shall be filed within one year of

the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1) (emphasis

added).   A judgment of sentence becomes final "at the conclusion of direct

review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time

for seeking the review."   ***Id.*** § 9545(b)(3).   The PCRA's timeliness

requirements are jurisdictional in nature, and a court may not address the

merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Woodell's judgment of sentence became final in May 2006, when the United States Supreme Court denied Woodell's Petition for writ of *certiorari*. Accordingly, Woodell's instant PCRA Petition, filed August 15, 2019, is facially untimely.

In all of his claims, Woodell asserts that he is entitled to the "newly-discovered facts" exception set forth at Section 9545(b)(1)(ii). ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii) (stating that "[a]ny petition under this subchapter … shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence…."); ***see also Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (stating that "[i]f the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.").

Specifically, Woodell asserts that he was diagnosed with a seizure disorder in August 2015, and claims that he has suffered from behavioral, mental, and physical impairments related to the seizure disorder since he was fifteen years old. ***See*** PCRA Petition, 8/15/19, at 3. Woodell points to a seizure he suffered when preparing for trial, and indicates that his seizure disorder impaired his ability to respond to police questioning after the

shooting.  *Id.*  According to Woodell, if his trial counsel had consulted with a neurologist, he would have been better prepared for trial.  *Id.*  Woodell also attached to his Petition copies of several medical records and correspondence with his neurologist relating to his diagnosis, dated between August 3, 2015, and January 8, 2018.  *Id.*  Woodell asserts that these facts were unknown to him and could not have been ascertained by the exercise of due diligence.  *Id.*

A review of the record reveals that Woodell received his diagnosis on August 3, 2015, four years before filing the instant PCRA Petition. Additionally, Woodell, in his PCRA Petition, references several instances, prior to trial in 2002, where he suffered seizures, either in police custody, in meetings with trial counsel, in the hospital following the shooting, or while in the Luzerne County Jail awaiting trial.  *See id.* at 4.  As a result, Woodell was aware of his condition more than one year prior to the filing of the instant PCRA Petition, and thus, his condition cannot constitute a new "fact."  *See Bennett*, *supra*.  Accordingly, in light of the foregoing, we conclude that Woodell has failed to plead and prove the newly-discovered fact exception. As such, the PCRA court did not err in dismissing Woodell's PCRA Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2021</u>